## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                           Case No. 07-81326-WRS
                                                Chapter 13
ANITA L. SMITH,

        Debtor

ANITA L. SMITH,

        Plaintiff                        Adv. Pro. No. 07-8066-WRS

    v.

CHATTAHOOCHEE FEDERAL
CREDIT UNION,

        Defendant

### <u>MEMORANDUM DECISION</u>

This Adversary Proceeding came before the Court for hearing on February 5, 2008, upon

the motion to dismiss filed by Defendant Chattahoochee Federal Credit Union (Chattahoochee).

(Doc. 7).  The Plaintiff Anita L. Smith was present by counsel Nick Wooten and Chattahoochee

was present by counsel Leonard N. Math.  For the reasons set forth below, the motion to dismiss

filed by Chattahoochee is GRANTED.


### <u>I.  FACTS</u>

Smith has filed a complaint against Chattahoochee sounding in two counts.  In Count I,

Smith seeks avoidance of Chattahoochee's judgment lien pursuant to 11 U.S.C. § 522(f)(1)(A).

In Count II, Smith seeks money damages and punitive damages against Chattahoochee because it

did not attach a copy of its certificate of judgment to its proof of claim.

## II.  CONCLUSIONS OF LAW

This Adversary Proceeding is before the Court upon the Defendant's motion to dismiss. This Court is governed by the provisions of Bankruptcy Rule 7012 and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "We will accept as true the complaint's well pleaded facts, even if disputed, but not its conclusions."  S & Davis International, Inc., v. The Republic of Yemen, 218 F.3d 1292, 1298 (11th Cir. 2000) (citing Saudi Arabia v. Nelson, 507 U.S. 349, 351, 113 S.Ct. 1471, 123 L.Ed.2d 47 (1993) and Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).  The complaint is to be construed in the light most favorable to the Plaintiff.  Id.

One need only make  "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007).  "While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Id. (internal citations omitted).

### 1.  Avoidance of Judicial Lien

Smith seeks to avoid Chattahoochee's judgment lien pursuant to 11 U.S.C. § 522(f), which provides, in part, as follows:

(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–

(A) a judicial lien . . .

* * *

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of–

(i) the lien;
(ii) all other liens on the property; and
(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value of the debtor's interest in the property would have in the absence of any liens.

To properly plead a case under § 522(f)(1)(A), the Plaintiff must show four things. First, she must identify a judgment lien which encumbers her property. Second, she must identify property which is encumbered by the judgment lien. Third, she must identify a claim of exemption to which is impaired by the judgment lien. Fourth, she must plead facts which show how the claim of exemption is impaired. In the case at bar, Smith has done only one of these four things. She has identified a judgment lien held by Chattahoochee. However, Smith fails as to the other prerequisites. She has not identified any property which is encumbered; she has not identified an applicable claim of exemption; and she has not shown how a claim of exemption is

-3-

impaired.  Smith's complaint is defective in that it fails to plead sufficient facts so as to give

Chattahoochee fair notice of her claim.[1]

### 2.  Violation of Rule 3001

Smith contends that the Proof of Claim filed by Chattahoochee does not comply with the

strictures of Rule 3001.  Smith seeks not only disallowance of Chattahoochee's claim but

affirmative relief in the form of damages and punitive damages to boot.[2]  The gist of Smith's

objection is that Chattahoochee's claim, which is secured by virtue of a judgment lien, is

insufficient because a copy of its certificate of judgment was not attached to the proof of claim.[3]

---

[1]  There is nothing in Smith's complaint which states what property she believes may be encumbered.  However, complaints such as this are frequently used to avoid the attachment of judgment liens to the debtor's homestead.  In the case at bar the Debtor reports owning a residence which she values at $41,000, and which is subject to a mortgage in favor of Wells Fargo in the amount of $21,000.  The Debtor is entitled to a homestead exemption in the amount of $5,000.  Ala. Code § 6-10-2.  The judgment lien held by Chattahoochee is for approximately $1,000.  As there is more than $5,000 in equity in the residence, over and above the mortgage and judgment lien, it does not appear that the judgment lien impairs the Debtor's homestead exemption.  See, 11 U.S.C. §522(f)(2).  Given the facts as represented in the Debtor's schedules, it does not appear that she is entitled to avoid Chattahoochee's judgment lien.

[2]  For the reasons set forth herein, Chattahoochee's Proof of Claim was properly filed.  It should be noted that even if it were not, Smith would not have a remedy in the form of compensatory or punitive damages.  Rather, Smith's remedy would be to strip the proof of claim of its evidentiary effect and force the claimant to shoulder the burden of proof.  Bankruptcy Rule 3001(f).

[3]  Whether a claim based upon a judgment is a claim "based upon a writing" within the meaning of Bankruptcy Rule 3001(c) is a close question which the Court will not reach here.  For purposes of this decision only, the Court will assume that a copy of a certificate of judgment must be attached to a proof of claim.

-4-

Chattahoochee has amended its proof of claim, however, Smith argues that Chattahoochee is too late.

Smith cites Bankruptcy Rule 3006 in support of her argument, that the claim cannot be amended. However, Rule 3006 deals with the withdrawal of a proof of claim and not with an amendment. The rule on amendments to proofs of claim was articulated by the United States Court of Appeals for the Eleventh Circuit in In re International Horizons, Inc., 751 F.2d 1213, 1216 (11th Cir. 1985).

> It is well accepted that the bankruptcy court is guided by the principles of equity, and that the court will act to assure that 'fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done. (citation omitted). Thus in a bankruptcy case, amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.

Id. See also, In re South Atlantic Finacial Corp., 767 F.2d 814, 819 (11th Cir. 1985)(holding that creditor need not timely file a letter perfect proof of claim).

## III. CONCLUSION

The complaint filed by Smith is dismissed for failure to state claim for which relief may be granted. Count I of Smith's complaint, seeking the avoidance of a judicial lien, is defective as she fails to plead facts from which one could identify either property or a claim of exemption which might apply. In Count II of Smith's complaint, Smith's claim that Chattahoochee has

Case 07-08066   Doc 19   Filed 02/19/08   Entered 02/19/08 16:57:32   Desc Main
Document    Page 5 of 6

violated the requirements of Rule 3001 lacks merit.  Even if the proof of claim as originally filed was defective, it was corrected upon the timely filing of an amended proof of claim.  For these reasons, the complaint is dismissed.

Done this 19th  day of February, 2008.

/s/ William R. Sawyer
United States Bankruptcy Judge


c: Nicholas H. Wooten, Attorney for Plaintiff
    Leonard N. Math, Attorney for Defendant